■ WILLIAM LAWLESS, Appellant, v. BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 1, TOWNS OF CANDOR, SPENCER AND CAROLINE, et al., Respondents.— Plaintiff appeals from a nonsuit and dismissal of his complaint against both defendants at the close of the testimony offered by the plaintiff. This is a negligence case. The plaintiff, an employee of the general contractor engaged in the building of a new school, was injured by the alleged negligence of the Board of Education and an employee of the subcontractor, Van Etten. The court granted the motion as to the Board of Education on the apparent ground that it exercised no authority over the construction project and the further ground, and the only one as to Van Etten, that the plaintiff was guilty of contributory negligence as a matter of law. A brief recital of the facts discloses that the Board of Education awarded a general contract for a new building to Frank W. O'Connell, Inc.— plaintiff's employer — and a separate and independent contract to Paul R. Van Etten — for whom Kirwin worked — for the electrical and plumbing work. The general contractor proceeded to build the foundation, the walls of which on the date of the accident were just above the ground level. The electrical contractor then, through his employee Kirwin, chipped, chiseled and cut away part of one of the concrete blocks on the foundation for the purpose of installing a conduit and in so doing removed part of the block and upon completion of the work replaced it on the foundation wall so that while it appeared to be permanent, it was in reality loose. The plaintiff, while walking along the top of the wall, stepped on the loose concrete block and was catapulted into a ditch, resulting in his receiving serious personal injuries. It was claimed by the plaintiff that as to the Board of Education it supervised the construction and that "its clerk" had knowledge of the defective condition and did nothing about it. The proof as to this phase of the case was by way of a deposition of the clerk in which he stated he was hired by the board to see that the plans and specifications were followed and that he had authority to accept or reject the work of the various contractors. He further stated that the wall built by the general contractor, was acceptable; that he knew of the work performed by the electrical contractor and that the concrete block had been replaced so that "nobody could tell that the block had been removed." It may well be that the board will demonstrate from its own proof that the above does not correctly represent the authority of the clerk, but taking this testimony, which is the only testimony concerning the authority of the clerk, and giving it the most favorable interpretation and inferences to be drawn therefrom, it was sufficient to make out a prima facie case of negligence against the board. It is not necessary, in view of our decision, to discuss the question of negligence of Van Etten as the court did not dismiss on that ground, but in passing we would observe that the testimony of the plaintiff certainly presented a factual question. As to the other ground for dismissal, it is reasonably well established that under most circumstances, the contributory negligence of a plaintiff is a jury question and we have repeatedly so held. (*Cook* v. *Burmaster,* 9 A D 2d 841; *Germond* v. *Board of Educ.,* 10 A D 2d 139; *Robinson* v. *Avella,* 10 A D 2d 130.) We are satisfied from the record that the issue of the negligence of the plaintiff was factual as distinguished from legal and consequently required the submission of that particular question to a jury. Judgments and orders reversed on the law and the facts and a new trial granted, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.